COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Frank and Clements


MARCUS ANTHONY SMALLS

                                    MEMORANDUM OPINION*
v.    Record No. 0478-03-4              PER CURIAM
                                      JUNE 17, 2003
BELL CORPORATION OF ROCHESTER/
 BELL GROUP, INC. AND
 TRAVELERS INDEMNITY COMPANY
 OF ILLINOIS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (William S. Sands, Jr.; Duncan & Hopkins,
              P.C., on brief), for appellant.

              (Francis G. Marrin; Law Offices of Roger S.
              Mackey, on brief), for appellees.


     Marcus Anthony Smalls (claimant) contends the Workers'

Compensation Commission erred in finding that he failed to prove

that (1) he could not return to his pre-injury work without

restrictions after April 30, 2001; and (2) his medical treatment

and disability after April 29, 2001 were causally related to his

compensable October 16, 2000 injury by accident.  Upon reviewing

the record and the parties' briefs, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

_____

       * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. <u>R.G. Moore Bldg. Corp. v. Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that the evidence proved that claimant could return to his pre-injury work without restrictions by April 30, 2001 and that he failed to prove that his medical treatment and disability after April 29, 2001 were causally related to his compensable October 16, 2000 injury by accident, the commission found as follows:

> [B]oth Dr. [Neil] Kahanovitz and [Dr. Ian A.] Wattenmaker repeatedly opined that [claimant] displayed subjective complaints that could not be supported by objective findings. On February 21, 2001, Dr. Kahanovitz reported that the claimant's complaints were "completely inconsistent with his primarily subjective complaints." He also relied on the FCE [Functional Capacities Evaluation] results, which revealed symptom magnification. Similarly, Dr. Wattenmaker described the lack of correlation between a back injury and the claimant's abnormal physical findings. Dr. Wattenmaker observed a functional overlay component and found no objective injury that prevented the claimant from working.
>
> Furthermore, Drs. Kahanovitz and Wattenmaker viewed a videotape of the claimant performing various lifting and bending activities without difficulty.

- 2 -

Based upon this videotape and the lack of objective findings, both orthopedic surgeons determined that after April 30, 2001, he could return to work without restrictions. Additionally, on September 5, 2001, Dr. [Wayne C.] Lindsey agreed with Drs. Kahanovitz and Wattenmaker that the claimant could perform regular duty.

This evidence also supports the finding that the claimant failed to prove that medical treatment and disability after April 29, 2001, were causally related to the industrial accident. He did not receive medical treatment for several months. Then, an MRI scan taken on September 13, 2001, revealed a small disc extrusion at the L5-S1 level contacting the left S1 nerve root sleeve. Dr. [Eugene A.] Eline[, Jr.] attributed this condition to the industrial accident. However, Dr. Kahanovitz disputed a causal relationship between the claimant's current condition and the work-related injury. He persuasively explained that:

> There is a significant change in the appearance of the MRI and if the injury had caused [the claimant's] current symptoms there would be no change from the previous MRI from December 2000. Therefore a separate and distinct independent event may have caused the [claimant's] current symptomatology but since there is a distinct difference in the MRI of 2000 and 2001 I cannot relate the current symptoms to the prior symptoms and/or injury of 10-16-2000.

The medical records and opinions of Drs. Kahanovitz, Wattenmaker, and Lindsey, coupled with the FCE and the videotape, amply support the commission's findings that claimant could return to work without restrictions by April 30, 2001 and

that his medical treatment and disability after April 29, 2001 were not causally related to his compensable injury by accident. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). As fact finder, the commission weighed the medical evidence, accepted the opinions of Drs. Kahanovitz and Wattenmaker, and rejected Dr. Eline's opinion. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that claimant's evidence sustained his burden of proof. Accordingly, we affirm the commission's decision.

Affirmed.